UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENALL MANUFACTURING CO., ) | Civil Action No. 07 C 6230 |
| Plaintiff, ) | Judge Rebecca R. Pallmeyer |
| v. ) | Magistrate Arlander Keys |
| FOCAL POINT, L.L.C., ) | Jury Trial Demanded |
| Defendant. ) | |

FOCAL POINT, L.L.C.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Focal Point, L.L.C. ("Focal Point"), by and through its undersigned attorneys responds to the Complaint of Plaintiff Kenall Manufacturing Company ("Kenall") as follows:

THE PARTIES

1.      Plaintiff, Kenall, was incorporated under the laws of the State of Illinois in 1963, and is in good standing. Kenall's principal place of business at 1020 Lakeside Drive, Gurnee, Illinois.

**ANSWER:**   Focal Point admits that Illinois Secretary of State records indicate that Kenall was incorporated in 1963 and that Kenall's web site (www.kenell.com) indicates that Kenall has a place of business at 1020 Lakeside Drive, Gurnee, Illinois, but Focal Point lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 1, and therefore they are denied pursuant to Federal Rule of Civil Procedure 8(b).

2.      On information and belief, defendant, Focal Point is an Illinois corporation with its principal place of business located at 4201 South Pulaski Road, Chicago, Illinois.

**ANSWER:** Focal Point admits that its principal place of business is located at 4201 South Pulaski Road, Chicago, Illinois, but Focal Point denies the remainder of the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States; more particularly, this action arises under 35 USC §271 and §281. Jurisdiction is conferred on this Court pursuant to 28 USC §1331 and §1338.

**ANSWER:** Focal Point admits that the Complaint purports to state claims that arise under the patent laws of the United States, but Focal Point denies that it directly infringes or induces the infringement of United States Patent No. 6,984,055 ("the '055 patent").

4. Venue is proper in this judicial district pursuant to 28 USC §1400(b) because infringement by Focal Point has occurred in this district; venue is also proper in this judicial district pursuant to §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and because Focal Point does or has done business in this district and is subject to personal jurisdiction in this district.

**ANSWER:** Focal Point admits that it is subject to personal jurisdiction in this district and that venue is proper in this district, but Focal Point denies the remainder of the allegations in Paragraph 4, including specifically denying that it directly infringes or induces the infringement of the '055 patent.

## BACKGROUND

5. Kenall has long been and is currently engaged in the manufacture and sale of industrial lighting products and conducts business throughout the United States and elsewhere.

**ANSWER:** Focal Point lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5, and therefore they are denied pursuant to Federal Rule of Civil Procedure 8(b).

6. Charles A. McCarthy and James P. Kelly, working for Kenall, invented a unique modular lighting system and, with respect to such invention, on May 28, 2002, filed a patent application (Serial No. 10/156,423) titled "Selectively Extendable Modular Lighting Fixture and

2

Method of Making and Assembly" with the United States Patent and Trademark Office ("USPTO").

**ANSWER:** Focal Point admits that United States Patent & Trademark Office ("PTO") records indicate that an application with Serial No. 10/156,423 was filed on May 28, 2002, and that this application named Charles A. McCarthy and James P. Kelly as inventors. Focal Point denies that the subject matter of the application with Serial No. 10/156,423 was "unique" or was an "invention." Focal Point lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 6, and therefore they are denied pursuant to Federal Rule of Civil Procedure 8(b).

7.  On September 17, 2004, Kenall filed a replacement patent application (Serial No.10/943,692), a continuation of the previously-filed and published '423 application.

**ANSWER:** Focal Point admits that PTO records indicate that an application with Serial No. 10/943,692 was filed on September 17, 2004 and that this application was a continuation of the application with Serial No. 10/156,423. Focal Point lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 7, and therefore they are denied pursuant to Federal Rule of Civil Procedure 8(b).

8.  The '692 patent application was published by the PTO on February 24, 2005, the published application having many claims identical to claims of the later-issued patent.

**ANSWER:** Focal Point admits that the publication date on the face of the '055 patent is February 24, 2005. Focal Point also admits that some of the claims set forth in the electronically-available version of the published form of Serial No. 10/943,692 accessible through the PTO's web site are similar or the same as some of the claims of the '055 patent. Focal Point lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 7, and therefore they are denied pursuant to Federal Rule of Civil Procedure 8(b).

9. The '692 application matured into the patent in suit in this case, United States Patent No. 6,984,055 ("the '055 Patent"), titled "Selectively-Extendable Modular Lighting Fixture and Method," which is assigned to Kenall. The Kenall '055 Patent is valid and subsisting. (A copy of the '055 Patent is attached as Exhibit 1.)

**ANSWER:** Focal Point admits that the '055 patent is titled "Selectively-Extendable Modular Lighting Fixture and Method." Focal Point also admits that the assignee on the face of the '055 patent is Kenall and that the application listed on the face of the '055 patent is Serial No. 10/943,692. Focal Point further admits that what appears to be a copy of the '055 patent is attached to the Complaint as Exhibit 1. Focal Point denies the remainder of the allegations in Paragraph 9, including specifically denying that the '055 patent is "valid and subsisting."

10. Since prior to the events complained of herein, Kenall has manufactured and sold its "Millennium® Stretch™" modular lighting products based on the invention of the '055 Patent and has used appropriate patent markings in connection with such products. The Kenall "Millennium® Stretch™" products have enjoyed tremendous commercial success.

**ANSWER:** Focal Point lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10, and therefore they are denied pursuant to Federal Rule of Civil Procedure 8(b).

11. Focal Point is in the business of the manufacture and sale of lighting products throughout the United States, including in this judicial district.

**ANSWER:** Admitted.

12. Upon information and belief, for a period beginning prior to 2004 Focal Point had a division called 360 Lighting, LLC ("360 Lighting"), which was established by Focal Point and/or its owners.

**ANSWER:** Focal Point denies that 360 Lighting was a division of Focal Point. Focal Point admits that it and/or its owners established 360 Lighting, LLC ("360 Lighting") prior to 2004. Focal Point denies the remaining allegations of Paragraph 12.

13. During 2004, while Kenall's patent rights were pending, 360 Lighting began offering and selling a line of products, known as its "Elytra" products, which used Kenall's

4

invention, and Kenall thereafter had communications with 360 Lighting complaining of such products.

**ANSWER:** Focal Point admits that 360 Lighting offered to sell products known as "Elytra" during 2004 and that 360 Lighting had communications with Kenall about such products, but denies the remaining allegations of Paragraph 13.

14. Upon information and belief, shortly thereafter Focal Point or its owners dissolved 360 Lighting, and Focal Point thereafter continued to offer and sell the "Elytra" products.

**ANSWER:** Focal Point admits that 360 Lighting dissolved and further that Focal Point has offered and sold Elytra products, but denies the remaining allegations of Paragraph 14.

15. Upon information and belief, Focal Point was aware of Kenall's pending patent prior to the issuance of the '055 patent and long prior to the filing of this lawsuit, including without limitation by the above-referenced earlier communications between Kenall and 360 Lighting; moreover, Focal Point knew or should have known of the existence of the pending '692 patent application at or about the time is was published (see paragraph 8 above).

**ANSWER:** Focal Point admits that it was aware of Kenall's communications with 360 Lighting regarding Kenall's alleged patent rights, but denies the remaining allegations of Paragraph 15.

16. Upon information and belief, Focal Point knew or should have known of the high risk that its "Elytra" products may become the subject of a patent infringement lawsuit by Kenall against Focal Point.

**ANSWER:** Denied.

17. On January 20, 2006, shortly after the January 10, 2006 issuance of the '055 patent, Kenall sent a cease-and-desist letter to Focal Point informing Focal Point of the grant of the '055 and demanding that Focal Point immediately stop making, using, offering and selling its "Elytra" lighting products.

**ANSWER:** Admitted.

18. Despite repeated requests that Focal Point cease further infringement, Focal Point has made no substantive response and has continued its infringement of Kenall's '055 patent.

**ANSWER:** Denied.

19. Focal Point's conduct demonstrates a reckless indifference to Kenall's patent rights; Focal Point's infringement is intentional.

**ANSWER:** Denied.

## COUNT I – DIRECT PATENT INFRINGEMENT

20. Paragraphs 1-19 are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:** Focal Point's responses to Paragraphs 1-19 are restated and incorporated by reference as if fully set forth herein.

21. Focal Point has made, used, offered to sell and sold, and continues to make, use, offer to sell and sell, in the United States, products which infringe the '055 Patent, including its "Elytra" products. Such Focal Point conduct is without Kenall's consent.

**ANSWER:** Focal Point admits that it made, offered to sell, and sold products under the name "Elytra." Focal Point denies the remainder of the allegations in Paragraph 21, including specifically denying that it infringes the '055 patent.

22. Such Focal Point conduct constitutes direct patent infringement, literal and/or under the doctrine of equivalents, in violation of 35 USC §271(a).

**ANSWER:** Denied.

23. Kenall has been and continues to be irreparably harmed by such infringement and has suffered and continues to suffer damages in an amount to be determined at trial. Kenall will continue to be harmed and damaged unless Focal Point is enjoined from such unlawful conduct.

**ANSWER:** Denied.

24. Focal Point's infringement was and continues to be willful infringement under 35 USC §284.

**ANSWER:** Denied.

25. In view of all the above Focal Point conduct, this case is an exceptional case under 35 USC §285.

**ANSWER:** Denied.

## COUNT II – INDUCEMENT OF INFRINGEMENT

26.　　Paragraphs 1-25 are realleged and incorporated by reference as if fully set forth herein.

**ANSWER:**　　Focal Point's responses to Paragraphs 1-25 are restated and incorporated by reference as if fully set forth herein.

27.　　Focal Point has induced and continues to induces [sic] other [sic] to infringe Kenall's '055 Patent in violation of 35 USC §271(b).

**ANSWER:**　　Denied.

## FIRST AFFIRMATIVE DEFENSE – INVALIDITY

The '055 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, U.S.C. §§ 101, 102, 103, and 112.

## SECOND AFFIRMATIVE DEFENSE – NONINFRINGEMENT

Focal Point has not and does not infringe any valid claim of the '055 patent.

## THIRD AFFIRMATIVE DEFENSE – LACHES

Kenall's claims of alleged infringement of the '055 patent are barred by laches.

## FOURTH AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

Kenall's claims of alleged infringement of the '055 patent are barred by estoppel.

## FIFTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

Kenall's claims of alleged infringement do not state claims upon which relief may be granted.

**WHEREFORE**, Focal Point respectfully requests that:

(A)　　Judgment be entered in its favor on all claims in Kenall's Complaint;

(B)　　Kenall's Complaint be dismissed with prejudice;

(C)　　Focal Point be awarded costs and attorneys' fees in this action; and

(D) The Court award Focal Point all other and further legal and equitable relief as the Court deems just and proper.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### THE PARTIES

1. Defendant/Counter-Plaintiff, Focal Point, L.L.C., ("Focal Point") is a limited liability corporation duly organized and existing under the laws of the State of Delaware and has a principal place of business at 4201 South Pulaski Road, Chicago, Illinois.

2. Plaintiff/Counter-Defendant Kenall Manufacturing Company ("Kenall") is incorporated under the laws of the State of Illinois and has a principal place of business at 1020 Lakeside Drive, Gurnee, Illinois.

### JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § *et seq.* This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). These Counterclaims also arise under 28 U.S.C. § 2201.

4. This Court has personal jurisdiction over Kenall because Kenall has done and is doing business in Illinois, and in this judicial district, and because Kenall has submitted to the jurisdiction of this Court by filing its Complaint in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) and because Kenall filed its Complaint in this judicial district.

6. As a result of Kenall's allegations, an actual and justiciable controversy has arisen between Focal Point and Kenall with respect to the '055 patent.

### COUNT I – DECLARATION OF INVALIDITY OF THE '055 PATENT

7. Paragraphs 1-6 of Focal Point's Counterclaim are realleged and reincorporated by

reference as if fully set forth herein.

8. The '055 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, U.S.C. §§ 101, 102, 103, and 112.

9. Absent a declaration that the '055 patent is invalid, Kenall will continue to wrongfully assert the '055 patent against Focal Point in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Focal Point irreparable injury and damage.

10. By reason of the foregoing, there is an actual and justiciable controversy between Focal Point and Kenall, and Focal Point is entitled to a decree that the '055 patent is invalid.

### COUNT II – DECLARATION OF NON-INFRINGEMENT OF THE '055 PATENT

11. Paragraphs 1-10 of Focal Point's Counterclaims are realleged and reincorporated by reference as if fully set forth herein.

12. Focal Point has not and does not infringe any valid claim of the '055 patent.

13. Absent a declaration that Focal Point does not infringe the '055 patent, Kenall will continue to wrongfully assert the '055 patent against Focal Point in violation of the laws and contrary to the public policy of the United States of America, and will thereby continue to cause Focal Point irreparable injury and damage.

14. By reason of the foregoing, there is an actual and justiciable controversy between Focal Point and Kenall, and Focal Point is entitled to a decree that it does not infringe the '055 patent.

**WHEREFORE**, Focal Point respectfully requests that the Court enter judgment in favor of Focal Point and against Kenall, granting the following relief:

  (A)  Adjudging the claims of the '055 patent to be invalid;

  (B)  Adjudging the claims of the '055 patent to be not infringed;

  (C)  That Kenall and its agents, employees, and assigns be permanently enjoined from asserting any charge of infringement of the '055 patent against Focal Point, its agents, employees, and assigns;

  (D)  Dismissing Kenall's Complaint with prejudice on the merits;

  (E)  Declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Focal Point its reasonable attorneys' fees;

  (F)  Awarding Focal Point its costs; and

  (G)  Granting Focal Point such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the Constitution of the United States of America, Focal Point hereby demands a trial by jury on all issues raised in this action that are so triable.

Respectfully submitted,

Dated: January 2, 2008

By: /s/ Michael L. Krashin
Erik S. Maurer (06275467)
 (emaurer@bannerwitcoff.com)
Michael L. Krashin (06286637)
 (mkrashin@bannerwitcoff.com)
BANNER & WITCOFF, LTD.
10 S. Wacker Drive – Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Attorneys for Plaintiff, Focal Point, L.L.C.

**CERTIFICATE OF SERVICE**

On January 2, 2008, I electronically filed the foregoing FOCAL POINT, L.L.C.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS through the Court's ECF system, which will send a notice via electronic filing to counsel of record for Kenall as indicated below:

>Peter N. Jansoon
>    (pjansson@janlaw.com)
>Matthew M. Fannin
>    (mfannin@janlaw.com)
>JANSON SHUPE & MUNGER LTD.
>207 East Westminster
>Lake Forest, Illinois 60045
>Telephone: (262) 632-6900
>Facsimile: (262) 632-2257


>        /s/ Michael L. Krashin
>    ATTORNEY FOR FOCAL POINT