UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENALL MANUFACTURING COMPANY, an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07-CV-6230 |
| v. | ) ) | Judge Rebecca R. Pallmeyer |
| FOCAL POINT, LLC, a Delaware corporation, | ) ) ) | Mag. Judge Arlander Keys |
| Defendant. | ) ) | |

**REPORT OF PARTIES' PLANNING MEETING**

**1. Meeting**

By mutual agreement and pursuant to Fed. R. Civ. P. 26(f), the parties met initially on December 10, 2007, and continued their discussions on January 14, 2008. Participating were Peter N. Jansson and Matthew M. Fannin for Kenall Manufacturing ("Kenall") and Erik S. Maurer and Michael L. Krashin for Focal Point, LLC ("Focal Point").

The parties together respectfully submit this report, including a proposed schedule for this case.

**2. Pre-Trial Schedule**

The parties hereby provide the following required information and propose dates and procedures as set forth below. For the convenience of the Court, the parties' proposed schedule is repeated in a summary chart near the end of this document, such chart including dates for the matters raised in the Court's report form available on the Court's web site, and certain additional dates that the parties believe are appropriate because this is a patent infringement case. As can be

seen in this schedule, the parties propose scheduling certain dates in the case that depend on certain rulings by the Court, *e.g.*, construction of the asserted patent claims in a *Markman* decision.

    a. Discovery will be needed on the following subjects: infringement (including both literal and under the doctrine of equivalents), invalidity, laches, estoppel, failure to state claims upon which relief can be granted, and damages.

    b. Discovery pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged by Friday, February 8, 2008. Fact discovery shall close on Friday, August 8, 2008, or one month after a *Markman* decision (if there are any disputed claim terms). Expert discovery, on issues other than damages, shall close on Friday, November 14, 2008, or two months after the burdened-party expert report deadline, whichever is later. Expert discovery on damages issues shall close Friday, April 10, 2009, or two weeks after the rebuttal expert report deadline on damages, whichever is later.

    c. The parties anticipate that each will need no more than 8 depositions, not including the deposition(s) of experts.

    d. Burdened-party expert reports, on issues other than damages, shall be served by Friday, September 5, 2008, or two months after a *Markman* decision, whichever is later. Rebuttal expert reports on those issues shall be served by Friday, October 10, 2008, or one month after the burdened-party expert report deadline, whichever is later. Burdened-party expert reports on damages shall be served by Friday, February 27, 2009, or one month after the Court rules on dispositive motions, whichever is

later. Rebuttal expert reports on damages shall be served by Friday, March 27, 2009, or two months after the Court rules on dispositive motions.

e. Any amendment of pleadings and/or joinder of parties shall be made by Friday, February 29, 2008.

f. Any potentially dispositive motions shall be filed by Friday, December 5, 2008, or three weeks after the close of expert discovery (on all issues except for damages), whichever is later.

g. Plaintiff's proposed draft of the final pre-trial order shall be provided to the Defendant by Friday, May 8, 2009, or one month after the close of damages expert discovery, whichever is later. The joint final pre-trial order shall be filed by Friday, June 5, 2009, or two months after the close of damages expert discovery, whichever is later.

h. The parties propose a trial date of two weeks after the final pre-trial conference and expect that the trial will take about five (5) days.

**2.1 Additional Matters Bearing on the Schedule**

The parties propose that, if it develops that the parties have differences on the interpretation of claim terms, the parties shall provide the Court a stipulated report of claim terms in dispute by Friday, March 28, 2008. In the event of a claim term interpretation dispute, the parties shall file principal briefs on claim construction by Friday, May 2, 2008, and response briefs by Friday, May 20, 2008. If a *Markman* claim term construction hearing is desired by the Court, such hearing will, of course, be held at the convenience of the Court.

Second, Focal Point shall inform Kenall of whether it is relying on an opinion of counsel on the issue of willful infringement by Friday, July 18, 2008, or one week after a *Markman* decision (if there are any disputed claim terms), whichever is later.

Third, the parties discussed potential e-discovery issues and neither party anticipates producing a substantial volume of e-discovery data. If, as discovery develops, the parties learn that a substantial volume of e-discovery data may be relevant to the claims or defenses in this suit, the parties agree to promptly contact each other and discuss the handling and production of such materials and whether e-discovery impacts the presently proposed schedule.

Finally, the parties have agreed to serve all documents/pleadings/discovery/etc. exchanged between the parties by e-mail, rather than by regular mail, hand delivery, or courier. The only exception agreed to by the parties is for very voluminous files that are too large to readily e-mail, *e.g.* greater than 10 MB. For these large types of files, the parties agree to e-mail the cover document and follow-up by contemporaneously sending the entire voluminous document/exhibits by express courier.

**3. Settlement**

The parties have exchanged initial settlement offers, although they have been unable to reach an agreement. Specifically, on December 21, 2007, Kenall submitted a settlement proposal to Focal Point. Focal Point rejected the proposal and submitted a counterproposal to Kenall on January 2, 2008. Kenall rejected this counterproposal and indicated that it would submit its own counterproposal to Focal Point.

**4. Consent**

The parties do not consent to proceed before a Magistrate Judge.

\* \* \* \* \*

As an additional matter, the parties are open to early mediation by the Magistrate Judge.

Finally, for the convenience of the Court, the parties' proposed schedule is set forth chronologically in the table below.

| Description | Date |
|---|---|
| Exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | Friday, February 8, 2008 |
| Joinder of parties/Amendment of pleadings | Friday, February 29, 2008 |
| Stipulated report to the Court of claim terms in dispute (if any) | Friday, March 28, 2008 |
| Filing of the parties' principal claim-construction briefs | Friday, May 2, 2008 |
| Filing of the parties' rebuttal claim-construction briefs | Friday, May 30, 2008 |
| *Markman* (Claim Construction) Hearing, if requested by the Court | To be scheduled per Court's availability |
| Focal Point's notice to Kenall of whether it is relying on an opinion of counsel | Friday, July 18, 2008, or 1 week after *Markman* decision, whichever is later |

5

| Description | Date |
|---|---|
| Close of fact discovery | Friday, August 8, 2008, or 1 month after *Markman* decision (if there are disputed claim terms), whichever is later |
| Burdened-party expert report deadline on all issues except for damages | Friday, September 5, 2008, or 2 months after the *Markman* decision, whichever is later |
| Rebuttal expert report deadline on all issues except for damages | Friday, October 10, 2008, or 1 month after the burdened-party expert report deadline (on all issues except for damages), whichever is later |
| Close of expert discovery on all issues except for damages | Friday, November 14, 2008, or 2 months after the burdened-party expert report deadline (on all issues except for damages), whichever is later |
| Dispositive motion filing deadline | Friday, December 5, 2008, or 3 weeks after the close of expert discovery (on all issues except for damages), whichever is later |
| Burdened-party expert report deadline on damages | Friday, February 27, 2009, or 1 month after the Court rules on dispositive motions, whichever is later |
| Rebuttal expert report deadline on damages | Friday, March 27, 2009, or 2 months after the Court rules on dispositive motions, whichever is later |
| Close of damages expert discovery | Friday, April 10, 2009, or 2 weeks after the rebuttal expert report deadline on damages, whichever is later |
| Pre-Trial Order | Plaintiff's proposed draft to defendant by Monday, Friday, May 8, 2009, or 1 month after the close of damages expert discovery, whichever is later. Joint final pretrial order to be filed by Friday, June 5, 2009, or 2 months after the close of damages expert discovery, whichever is later. |
| Final pre-trial conference | Two weeks after the date the Final Pre-Trial Order is submitted |
| Trial | Two weeks after the Final Pre-Trial conference, subject to the Court's availability |

Dated this 16th day of January, 2008.

Respectfully submitted,

KENALL MANUFACTURING COMPANY	FOCAL POINT, L.L.C.

By: /s/ Matthew M. Fannin	By: /s/ Erik S. Maurer
Peter N. Jansson (IL Bar# 1326074)	Erik S. Maurer (IL Bar # 6275467)
    pjannson@janlaw.com	    emaurer@bannerwitcoff.com
Matthew M. Fannin (IL Bar# 6277445)	Michael L. Krashin (IL Bar # 6286637)
    mfannin@janlaw.com	    mkrashin@bannerwitcoff.com
JANSSON SHUPE & MUNGER LTD.	BANNER &WITCOFF, LTD.
207 East Westminster	10 S. Wacker Drive - Suite 3300
Lake Forest, IL 60045	Chicago, IL 60606
Tel: (262) 632-6900	Tel: (312) 463-5000
Fax: (262) 632-2257	Fax: (312) 463-5001